UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GALLOPO and : | |
| BONNIE GALLOPO, his wife, : | |
| : | CIVIL ACTION NO. **4:CV-13-3067** |
| Plaintiffs, : | (Judge Brann) |
| v. : | (Magistrate Judge Blewitt) |
| GIANNELLA MODERN BAKING : | |
| COMPANY, *et al.*, : | |
| Defendants : | |

**REPORT AND RECOMMENDATION**

**I.     BACKGROUND.**

Plaintiffs, Michael and Bonnie Gallopo, husband and wife, filed this action, through counsel, on December 20, 2013. (Doc. 1). Plaintiffs are residents of Columbia County, Pennsylvania. This action involves a motor vehicle accident ("MVA") that occurred in New Jersey. Named as Defendants are Giannella Modern Baking Company ("GMBC") and Lousi M. Colli, an employee of GMBC. Defendant GMBC is a New Jersey corporation located in Paterson, New Jersey. Defendant Colli is a resident of North Haledon, New Jersey. Plaintiffs allege that Defendant GMBC regularly conducts business and delivers its produce within the Middle District of Pennsylvania. Plaintiffs aver that this Court has diversity jurisdiction over their case pursuant to 28 U.S.C. §1332.

In their Complaint, Plaintiffs allege that on February 25, 2012, Michael Gallopo was in his Ford truck parked off of the roadway on Iowa Avenue in Patterson, New Jersey, and that Defendant Colli struck Michael Gallopo's truck while he was working for Defendant GMBC and driving a van

owned by GMBC.  Plaintiffs allege that the collision caused numerous bodily injuries to Michael Gallopo, as well as emotional distress, anxiety and depression.   Plaintiffs assert claims for negligence (Count I), vicarious liability (Count II) and loss of consortium (Count III) with respect to Bonnie Gallopo.  Plaintiffs seek damages against both Defendant and the amount in controversy exceeds $75,000.

After Defendants were served with Plaintiffs' Complaint, they jointly filed a Motion to Dismiss for Lack of Jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), on January 24, 2014.  **(Doc. 3).** Defendants argue that they are not subject to personal jurisdiction in the Middle District of Pennsylvania. Defendants contend that they do not had sufficient ties with Pennsylvania to establish minimum contacts with this forum State.  Defendants filed their support brief on February 7, 2014, with attached Exhibits.  (Docs. 4, 4-1 & 4-2).  Plaintiffs filed their opposition brief on February 20, 2014, with attached Exhibits.  (Docs. 5, 5-1 & 5-2).  Plaintiffs seek this Court to assert personal jurisdiction over the two New Jersey Defendants with respect to the MVA, which occurred in New Jersey with a Pennsylvania resident.  Also, on February 21, 2014, the parties jointly filed a Stipulated Tolling Agreement in which they agreed to toll the running of any statute of limitations for filing a claim for bodily injury in the U.S. District Court for New Jersey until sixty days after this instant Court rules on Defendants' Motion to Dismiss for Lack of Jurisdiction.  (Doc. 6).  On March 6, 2014, Defendants filed a reply brief in support of their Motion to Dismiss for Lack of Jurisdiction. (Doc. 7).

Defendants' Motion to Dismiss for Lack of Jurisdiction is ripe for review.  We have been assigned this case for pre-trial matters.

We find that this Court has jurisdiction over this case based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1). *See McLane Co., Inc. v. Varinderpreet*, 2009 WL 4269086, *2 (M.D. Pa. Nov. 24, 2009).[1] The question presented is whether this Court can exercise personal jurisdiction over Defendants.

II.    **MOTION TO DISMISS UNDER RULE 12(b)(2).**

In *DiLoreto v. Costigan*, 600 F.Supp.2d 671, 681 (E.D. Pa. 2009), the Court stated:

> Federal Rule 12(b)(2) provides for dismissal due to a "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). Once a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), the burden shifts to the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1121 (W.D.Pa.1997). A plaintiff meets this burden by making a *prima facie* showing of "sufficient contacts between the defendant and the forum state." *Id.* (quoting *Mellon Bank (East) PSFS, N.A. v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992)). A Rule 12(b)(2) motion inherently requires resolution of factual issues outside the pleadings. Once the defense has been raised, plaintiff must sustain the burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence, but may not rely on the pleadings alone. *Weber v. Jolly Hotels,* 977 F.Supp. 327, 331 (D.N.J.1997) (citing, *inter alia, Time Share Vacation Club v. Atl. Resorts, Ltd.,* 735 F.2d 61, 67 n. 9 (3d Cir.1984)). Courts must look beyond the pleadings when ruling on a motion brought under Rule 12(b)(2). *Id.*

*See also Brown & Brown, Inc. v. Cola,* 745 F.Supp.2d 588, 602 (E.D.Pa. 2010).

---

[1] We note that generally this federal court sitting in diversity applies the substantive law of Pennsylvania. *See McLane Co., Inc. v. Varinderpreet*, 2009 WL 4269086, *2(the federal court sitting in diversity applied the substantive law of Pennsylvania to claims regarding an MVA that occurred in Pennsylvania). However, under a choice of law analysis, it is appears that New Jersey law should be applied to the February 25, 2012, MVA that occurred in New Jersey when Defendants are residents of New Jersey. *See Lebegern v. Forman*, 471 F.3d 424 (3d Cir. 2006).

3

### III. DISCUSSION.

#### A. *Motion to Dismiss for lack of subject matter jurisdiction, Doc. 3*

Plaintiffs filed their case in this Court alleging that it has jurisdiction based on diversity jurisdiction. Title 28 U.S.C. §1391(a) "provides that an action found on diversity of citizenship may be brought in a district 'where Defendant is subject to personal jurisdiction at the time the action is commenced.'" *Semanic v. Express Car Rental*, 2009 WL 1872095, *2 (E.D.Pa. June 29, 2009). In their Complaint, as stated, Plaintiffs allege that Defendant GMBC regularly conducts business and delivers its produce within the Middle District of Pennsylvania.

Defendants move, pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss the Plaintiffs' Complaint for lack of personal jurisdiction over them. Defendants argue that Plaintiffs' Complaint should be dismissed since they have no contacts with Pennsylvania and since this Court lacks personal jurisdiction over them. Defendants maintain that they "are residents of New Jersey and lack minimum contacts with the state of Pennsylvania." Defendants state that Defendant GMBC "conducts no business in Pennsylvania, and in fact, has no connections with or contacts of any kind in the Commonwealth." (Doc. 4, pp. 3-4).

The *DiLoreto* Court, 600 F.Supp.2d at 681-682, stated:

> Federal Rule of Civil Procedure 4(e) [now Rule 4(k)(1)(A)] provides that federal courts may exercise personal jurisdiction over a non-resident defendant to the extent provided by the law of the state in which the federal court sits. Fed. R. Civ. P. 4(e); *see also Blue Ribbon Commodity Traders, Inc. v. Supermercados Mr. Special, Inc.*, Civ. A. No. 07–4036, 2008 WL 2468381, at *2 (E.D.Pa. June 18, 2008). Under Pennsylvania's long-arm statute, personal jurisdiction over nonresident defendants is permitted "to the fullest extent allowed under the Constitution of the United States and may be

4

> based on the most minimum contacts with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons.Stat. § 5322 (1992); *see Mellon Bank,* 960 F.2d at 1221 ("The Pennsylvania statute permits the courts of that state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment."). Therefore, a court's inquiry is solely whether the exercise of personal jurisdiction over the defendant violates due process. *Mellon Bank,* 960 F.2d at 1221.
>
> Physical presence within the forum is not required to establish personal jurisdiction over a nonresident defendant, *IMO Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir.1998), but instead may be based on either a defendant's general or specific contacts with the forum. *Gen. Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir.2001).

*See also Brown & Brown, Inc. v. Cola,* 745 F.Supp.2d at 604.

Plaintiffs argue that Defendant GMBC, a New Jersey corporation operating in New Jersey, regularly and systematically conducts business in Pennsylvania such that it maintains the required minimum contacts with this State and is subject to personal jurisdiction in this Court. Plaintiffs concede that "[b]ecause this cause of action accrued in the State of New Jersey, a specific jurisdiction analysis is not necessary." Plaintiffs contend that "general jurisdiction over the Defendant [GMBC] exists." (Doc. 5, p. 4). Thus, Plaintiffs do not allege that this Court has specific jurisdiction over Defendant GMBC.

The Court in *DiLoreto*, 600 F.Supp.2d at 682, addressed general jurisdiction and stated:

> General jurisdiction turns upon the defendant's "continuous and systematic contacts" with the forum. *Id.*(citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Proof of such contact requires a showing of "extensive and pervasive activity" in the forum state. *See Reliance Steel Prods. Co. v. Watson, Ess, Marshall, & Enggas,* 675 F.2d 587, 589 (3d Cir.1982) (quotations omitted). A defendant's contacts need not

5

> be related to the cause of action being litigated. *McMullen v. Euro. Adoption Consultants, Inc.,* 109 F.Supp.2d 417, 418 (W.D.Pa.2000). If the foreign defendant "maintains continuous and systematic contacts with a state, the state has general personal jurisdiction over the party, and the non-resident may be sued in that state on any claim." *Wilmington Fin., Inc. v. Moonis,* Civ. A. No. 08–2365, 2008 WL 4661033, at *3 (E.D.Pa. Oct. 21, 2008) (quotations omitted); *see also* 4 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure Civ.3d § 1067.5 (3d ed. 2008) ("As many of the illustrative federal cases ... indicate, the defendant must be engaged in longstanding business in the forum state, such as marketing or shipping products, or performing services or maintaining one or more offices there; activities that are less extensive than that will not qualify for general *in personam* jurisdiction.").

*See also Brown & Brown, Inc. v. Cola,* 745 F.Supp.2d at 604.

Thus, "[t]o assert 'general jurisdiction, a Plaintiff must establish that Defendant's contacts with the forum state are so 'continuous and substantial' with the forum state that the Defendant should expect to be haled into court on any cause of action." *Weber v. Jolly Hotels, 977 F.Supp. 327, 331 (D.N.J. 1997)*(citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–416, & 414 n. 9, 104 S.Ct. 1868(1984)).

Defendants have submitted the sworn Affidavit of John Imparato, GMBC's General Manger. Imparato avers that GMBC is incorporated in New Jersey and has its principal place of business in Paterson, New Jersey. (Doc. 4-1, ¶ 2).[2]  Defendants indicate Imparato avers that "[GMBC] is not incorporated in Pennsylvania or registered to do business as a foreign corporation in Pennsylvania and has not consented to jurisdiction in Pennsylvania."   (Doc. 4, p. 6 & Doc. 4-1, ¶'s 2-3).

---

[2]We note that Defendants have accurately stated the averments in Imparato's Affidavit. (Doc. 4-1).

6

Therefore, Defendants state that jurisdiction over GMBC does not exist under §5301(a)(2)(i) and (ii).

Defendants also rely upon Imparato's Affidavit and state "[GMBC] does not do business in Pennsylvania nor has it ever had offices, agents or employees in Pennsylvania." (Doc. 4, p. 6 & Doc. 4-1, ¶'s 4-5). Further, Defendants state that "[GMBC] does not own property in Pennsylvania and does not directly advertise or solicit business in [Pennsylvania]" and that "[GMBC] does not purposefully direct its business activities to residents of Pennsylvania." (Doc. 4, p. 6 & Doc. 4-1, ¶'s 4-6).

As such, Defendants conclude that Plaintiffs cannot show GMBC "conducts business in Pennsylvania on a continuous and systematic basis and there is, therefore no general jurisdiction under § 5301(a)(2)(iii)." (Doc. 4, pp. 6-7). Defendants additionally argue that GMBC lacks the minimum contacts with Pennsylvania required to satisfy due process.

Plaintiffs point out that they have supported their allegation that GMBC regularly conducts business in Pennsylvania by their submission of an August 4, 2013, newspaper article from the Bergen Record, a Paterson, New Jersey newspaper, reporting that family owned GMBC was engaged in an expansion project, that it had 17 delivery trucks, and that employee Frank Imparato indicated that "deliveries go to various retailers in New Jersey, as well as New York and Pennsylvania." (Doc. 5, pp. 4-5 & Doc. 5-2).[3]

---

[3] We note that Plaintiffs have accurately quoted the Bergen Record. (Doc. 5-2). We also note that according to the Affidavit Defendants submitted, GMBC's General Manager is John Imparato, and according to the newspaper article Plaintiffs submitted, Frank Imparato handles the day-to-day operations of GMBC. Plaintiffs appear to confuse the name of the person on

7

Plaintiffs contend that their evidence "demonstrates that the Defendant [GMBC] has contact with Pennsylvania through continuous and [systematic] sales and delivery." (Doc. 5, p. 5). Plaintiffs argue that the newspaper article directly contradicts the averments in the Affidavit of John Imparato which Defendants submitted. Plaintiffs maintain that at this stage of the case, the facts should be viewed in their favor and that the Bergen Record article is sufficient for the Court to deny Defendants' instant motion with respect to GMBC. Alternatively, Plaintiffs request that the Court allow them to conduct discovery regarding GMBC's business in Pennsylvania. Further, Plaintiffs state that if the Court agrees with Defendants that it lacks personal jurisdiction over GMBC, the proper remedy is for the Court to transfer this case to the New Jersey District Court as opposed to dismissing the case. (Doc. 5, p. 6).

In their reply brief, Defendants agree with Plaintiffs that Plaintiffs' newspaper article "is directly contrary to the sworn statement of [GMBC's] General Manager John Imparato." (Doc. 7, pp. 2-3). However, as noted, Plaintiffs appear to confuse the name of the person on the February 6, 2014, Affidavit Defendants submitted which was GMBC's General Manager, John Imparato (Doc. 4-1), and not Frank Imparato. (*See* Doc. 5, p. 6). Defendants also state that the sworn statements John Imparato makes in his Affidavit carry greater credibility than the unsubstantiated assertion attributed to Frank Imparato in the newspaper article upon which Plaintiffs rely. Thus, Defendants

---

the February 6, 2014, Affidavit Defendants submitted which was GMBC's General Manager, John Imparato (Doc. 4-1), and not Frank Imparato. (*See* Doc. 5, p. 6). Thus, John Imparato does not contradict himself in his Affidavit based on the newspaper article since the article quoted Frank Imparato. Further, the statement in the newspaper article seemingly attributed to Frank Imparato that "[d]eliveries go to various retailers in New Jersey as well as New York and Pennsylvania" appears to be inadmissible hearsay.

8

contend that their Motion to Dismiss should be granted.

In the alternative, Defendants state that the Court should permit limited discovery on the issue of whether personal jurisdiction exists over GMBC. (*Id.*, p. 3).

We agree with Defendants that Plaintiffs have failed to demonstrate the "extensive and pervasive activity necessary for a finding of general jurisdiction." *See DiLoreto*, 600 F.Supp.2d at 682; *see also Brown & Brown, Inc. v. Cola,* 745 F.Supp.2d at 604-605. "General jurisdiction imposes a high evidentiary threshold" and "[c]ontacts ... must be 'extensive and pervasive.'" *Id*. We find that the only evidence Plaintiffs submitted, namely, the unsupported newspaper article and the unsubstantiated statement attributed to Frank Imparato, is simply insufficient to satisfy "general jurisdiction's high threshold." *Id*. Further, we find that Plaintiffs have failed to sustain their burden of proof through sworn affidavits or other competent evidence that show Defendant GMBC had sufficient contacts with Pennsylvania to establish personal jurisdiction. *See Henning v. Suarez Corp.*, 713 F.Supp.2d 459 (E.D.Pa. 2010). Additionally, we find that neither Plaintiffs' Complaint nor their submitted newspaper article "shows any contacts by [GMBC] with Pennsylvania that could be classified as 'continuos and systematic.'" *Brown & Brown, Inc. v. Cola,* 745 F.Supp.2d at 605. We also find that in light of the unequivocal averments in John Imparato's sworn Affidavit, detailed above, that limited discovery on the jurisdiction issue is not necessary. However, we agree with Plaintiffs that if the Court finds that it lacks personal jurisdiction over GMBC, the proper remedy is for the Court to transfer this case to the New Jersey District Court instead of dismissing the case. *See Henning v. Suarez Corp.*, 713 F.Supp.2d at 471.

9

Since we find that Defendants are not subject to personal jurisdiction in the Middle District of Pennsylvania, venue in this District is not proper. Thus, 28 U.S.C. §1406(a) applies and it allows this Court to correct the improper venue choice Plaintiffs made and to transfer this case to the District Court for the District of New Jersey, *i.e.*, the District in which this case could have been brought. *See Henning v. Suarez Corp.*, 713 F.Supp.2d at 470-471.

As the Court stated in *Lamanno v. Black,* 285 F.Supp.2d *637,* 642 (E.D. Pa. 2003):

> Venue in diversity cases is governed by 28 U.S.C. § 1391(a) which allows for venue to be proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

For the convenience of parties and witnesses, a district court may transfer a civil action to any other district where it may have been brought. 28 U.S.C. 1404(a). District courts have broad discretion in deciding whether to transfer a case under 28 U.S.C. §1404(a). *Plum Tree v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973). Courts weigh private and public interest factors, including the plaintiff's and defendant's forum preference, where the claim arose, the convenience of the parties and witnesses, the familiarity of the trial judge with the applicable state law in diversity cases, and the practical considerations that could make the trial easy, expeditious, or inexpensive. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995); *High River Ltd. Partnership v. Mylan Laboratories, Inc.*, 353 F. Supp. 2d 487 (M.D. Pa. 2005).

10

In this case, a proper venue exists with respect to Plaintiffs' claims against Defendants, namely, in the District Court of New Jersey, the place where the alleged MVA occurred and where both Defendants reside. We find that the considerations weigh in favor of transferring this case to that venue, which is the most convenient forum for the Defendants and all of the witnesses (except for Plaintiffs). First, because the Defendants are both residents of New Jersey, the District Court of New Jersey has personal jurisdiction over the Defendants; thus, it is a proper alternative venue. *See Sunbelt Corp. V. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 31 (3d Cir. 1993). Second, the Defendants would clearly prefer the District Court of New Jersey for the convenience to both them and the witnesses to this MVA. Third, that District Court of New Jersey is more familiar with cases alleging the applicability of New Jersey law to a New Jersey MVA.

Finally, since we find that the Court does not have general jurisdiction over Defendant GMBC, we also find that it does not have personal jurisdiction over Defendant Colli who has been sued in Pennsylvania solely based on his employment with GMBC. Plaintiffs concede that Defendant Colli "is a resident of the State of New Jersey and that he never consented to jurisdiction within the Commonwealth of Pennsylvania." Thus, the personal jurisdiction which Plaintiffs seek this Court to exercise over Defendant Calli was based only on Calli's employment with GMBC. In fact, Plaintiffs admit that Defendant Colli's alleged liability in this case is based upon his service "in his capacity as an agent, ..., workman and/or employee, of the Defendant [GMBC]." (Doc. 5, pp. 6-7). As such, since we find that personal jurisdiction over Defendant GMBC is lacking, it follows that personal jurisdiction over its employee Colli is also lacking.

Accordingly, we shall recommend that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 3) be granted, and that this case should be transferred to the New Jersey District Court under 28 U.S.C. §1404(a).

## IV.     RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Defendants' Motion to Dismiss Plaintiffs' Complaint for lack of personal jurisdiction **(Doc.3)** be **GRANTED** to the extent that Plaintiffs' case be transferred to the United States District Court for the District of New Jersey.

     s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: April 10, 2014**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GALLOPO and<br>BONNIE GALLOPO, his wife, | : | CIVIL ACTION NO. **4:CV-13-3067** |
| Plaintiffs, | : | (Judge Brann) |
| v. | : | (Magistrate Judge Blewitt) |
| GIANNELLA MODERN BAKING<br>COMPANY, *et al.*, | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 10, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                            s/ Thomas M. Blewitt
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: April 10, 2014**